HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

SUE ELLEN DUMDIE, Individually and on Behalf of all Others Similarly Situated,

Lead Plaintiff,

v.

WM TRUST I, WM TRUST II, WM STRATEGIC ASSET MANAGEMENT PORTFOLIOS, LLC, WM ADVISORS, INC., WM FUNDS DISTRIBUTOR, INC., WILLIAM G. PAPESH, DANIEL L. PAVELICH, RICHARD C. YANCY, KRISTIANNE BLAKE, EDGE ASSET MANAGEMENT, INC., PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL INVESTORS FUND, INC., PRINCIPAL FUNDS DISTRIBUTOR, INC.,

Defendants.

No. C-08-1251 MJP

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATED DISMISSAL**

Noted for Consideration: March 25, 2009
Action filed: August 20, 2008



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

# TABLE OF CONTENTS

**Page**


I. THE DECISION TO DISMISS ........ 1

II. FRCP 41(a)(1)(A) GOVERNS THIS VOLUNTARY DISMISSAL ........ 2

A. Rule 23(e) was amended in 2003 to exclude pre-certification dismissals ........ 3

III. EVEN IF *DIAZ* IS APPLIED HERE, DISMISSAL IS APPROPRIATE AND NO NOTICE IS REQUIRED ........ 5

A. Application of the *Diaz* factors since the 2003 amendment to Rule 23(e) ........ 5

B. The *Diaz* factors would not require notice as a condition to dismissal here ........ 6

IV. CONCLUSION ........ 10






O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

## TABLE OF AUTHORITIES

**Page**

### CASES

*American Pipe & Constr. v. Utah*, 414 U.S. 538 (1974) ........ 9

*Castro v. Zenith Acquisition Corp*., No. C 06-04163 SI, 2007 WL 81905 (N.D. Cal. Jan. 9, 2007) ........ 5

*Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989) ........ passim

*Estate of Migliaccio*, 436 F. Supp. 2d 1095 (C.D. Cal 2006) ........ 5

*In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d 890 (D. Md. 2004) ........ 6

*Kurz v. Fid. Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2908918 (S.D. Ill. Oct. 4, 2007) ........ 6

*Mansourian v. Bd. of Regents of the Univ. of California*, No. CIV. S-03-2591 FCD EFB, 2007 WL 1722975 (E.D. Cal. June 12, 2007) ........ 5

*Milton v. E. Lawton*, No. 04-CV-05556-AWI-WMW, 2009 WL 530909 (E.D. Cal. Mar. 3, 2009) ........ 4

*Myler v. Pfizer, Inc.*, No. 08-cv-0568-MJR, 2008 WL 5082959 (S.D. Ill. Nov. 25, 2008) ........ 6

*Ramirez v. Cintas Corp.*, No. C 04-00281 JSW, 2007 WL 4410414 (N.D. Cal. Dec. 14, 2007) ........ 5

*Zapien v. Washington Mutual, Inc., et al.*, Case No. 07-CV-0385 DMS CAB ........ 6, 8

### OTHER AUTHORITIES

5 MOORE'S FEDERAL PRACTICE (3d Ed.) § 23.64[2][a] ........ 4, 6

5 MOORE'S FEDERAL PRACTICE (3d Ed.) § 23.64[2][b][i] ........ 4

5 MOORE'S FEDERAL PRACTICE (3d Ed.) § 23App.04[1] ........ 3

### RULES

Fed. R. Civ. 10b-5 ........ 9



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

**TABLE OF AUTHORITIES**
**(cont.)**

**Page**

Fed. R. Civ. 23 .......... 1, 4, 5, 6

Fed. R. Civ.23(e) .......... passim

Fed. R. Civ. 23(e)(1)(A) .......... 3

Fed. R. Civ. 41 .......... 5, 6

Fed. R. Civ. 41(a)(1) .......... 4

Fed. R. Civ. 41(a)(1)–(2) .......... 5

Fed. R. Civ. 41(a)(1)(A) .......... passim

Fed. R. Civ. 41(a)(1)(A)(i) .......... 2

Fed. R. Civ. 41(a)(1)(A)(ii) .......... 2, 5



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants[1] submit this memorandum of points and authorities in support of the Parties' stipulation to dismiss this action. We set forth here and in the supporting declaration the reasons for the dismissal, the law that governs a dismissal in this setting and the grounds supporting entry of a dismissal in this case. In short, the stipulated dismissal here is governed by Federal Rule of Civil Procedure 41(a)(1)(A). Because this dismissal is voluntarily made prior to class certification, the dismissal does not require notice to the class or court approval. Earlier cases, including *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), which had interpreted an earlier version of Fed. R. Civ. 23(e) to require court review of a pre-certification dismissal to determine whether notice to the class was required, were overruled by the 2003 amendment to Rule 23. In any event, the *Diaz* factors, even if applied in this situation, would not require notice to the class as a condition of dismissal here.

**I. THE DECISION TO DISMISS.**

Pursuant to the December 5, 2008 Stipulation and Order Concerning Filing and Briefing Lead Plaintiff's Amended Complaint (D.E. No. 38), Lead Plaintiff Sue Ellen Dumdie filed the Second Amended Complaint on December 12, 2008. Defendants filed their motion to dismiss on January 26, 2009. Based upon the scheduling order, Lead Plaintiff's opposition brief was due on March 12, 2009. On March 9, 2009, the attorney responsible for drafting Lead Plaintiff's brief, William Restis, contacted Defendants' counsel to request an extension of time for submitting the opposition. (Declaration of Phillip R. Kaplan ("Kaplan Decl.") ¶ 2.) Mr. Restis explained that Plaintiffs[2] were reevaluating their claims in light of the arguments in Defendants' motion and that he wished to confer with his senior partner, Jeffrey Krinsk, before deciding how

---

[1] The term "Defendants," as used herein, refers to defendants WM Trust I, WM Trust II, WM Strategic Asset Management Portfolios, LLC, WM Advisors, Inc., WM Funds Distributor, Inc., William G. Papesh, Daniel L. Pavelich, Richard C. Yancey, Kristianne Blake, Edge Asset Management, Inc., Principal Financial Group, Inc., Principal Investors Fund, Inc., and Principal Funds Distributor, Inc.

[2] The term "Plaintiffs," as used herein, refers to original named plaintiffs June Robinson and Lynne Poliquin, attorney-in-fact for June Robinson, and Lead Plaintiff Sue Ellen Dumdie.



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

to proceed. (*Id.*) He explained that Mr. Krinsk was out of the country and requested an extension of time to file the opposition until shortly after Mr. Krink returned. (*Id.*) Defendants agreed on the condition that they receive additional time to file their reply. The Parties submitted stipulations requesting this extension on March 10 and March 13, 2009, both of which the Court denied because they did not present an adequate explanation for the relief. (D.E. Nos. 41–44.) On March 16, 2009, Mr. Restis once again called counsel for Defendants, this time to advise that he had conferred with Mr. Krinsk by telephone and that Plaintiffs were prepared to dismiss the case, with all parties to bear their own costs and attorney fees. (Kaplan Decl. ¶ 9.) The terms of the stipulated dismissal provide that Lead Plaintiff Sue Ellen Dumdie and original plaintiffs June Robinson and Lynne Poliquin, attorney-in-fact for June Robinson, will dismiss their individual claims with prejudice, and that the claims of the absent class members will be dismissed without prejudice. The Parties submitted a stipulation on March 18, 2009 (D.E. No. 45), advising of the forthcoming stipulated dismissal and requesting that further proceedings on Defendants' motion to dismiss be stayed until the stipulated dismissal was acted upon. The stipulated dismissal is filed concurrently with this brief.

## II. FRCP 41(a)(1)(A) GOVERNS THIS VOLUNTARY DISMISSAL.

Fed. R. Civ. 41(a)(1)(A) governs voluntary dismissals by a plaintiff without a court order. The rule provides that any time before the defendant files an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss by filing a notice of dismissal. FED. R. CIV. 41(a)(1)(A)(i). Even after an answer or motion for summary judgment has been filed, a plaintiff may dismiss voluntarily simply by filing a stipulation for dismissal joined by all parties. FED. R. CIV. 41(a)(1)(A)(ii). Both of these sections are explicitly made subject to Rule 23(e) requirements, where applicable. Thus, if court approval is required under Rule 23(e), that requirement trumps the right of a plaintiff to voluntarily dismiss without a court order by notice or by stipulation. But here, because the stipulated dismissal is requested prior to class certification, Rule 23(e)'s requirements for notice and court approval do not apply.



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

**A. Rule 23(e) was amended in 2003 to exclude pre-certification dismissals.**

Before 2003, Rule 23(e) provided that: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." 5 MOORE'S FEDERAL PRACTICE (3d Ed.) § 23App.04[1]. In *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), the Ninth Circuit followed the majority of circuits in finding that a putative class action before certification was a "class action" within the meaning of Rule 23(e) and required court approval of a settlement or dismissal. In 2003, Rule 23(e) was amended to eliminate the requirement of notice and court approval for class actions settled or dismissed **before** a class had been certified. The 2003 amended rule reads as follows: "[t]he claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. 23(e) (as amended, 2003, emphasis added). The change was intended to allow named plaintiffs to dismiss class actions without notice or court approval if done before certification. The Advisory Committee Note to Rule 23(e) makes this point in the following passage:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be--and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual For Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise…[N]otice is not required when the settlement binds only the class representatives.

*See* Advisory Committee Notes to 2003 Amendments, Subdivision (e), Paragraph (1) (emphasis added), reprinted in Federal Civil Judicial Procedure and Rules (Thomson West 2008 Rev. Ed.) at 31.

In fact, the original exposure draft of the 2003 amendment circulated for public comment provided that court approval would be required for pre-certification settlement or dismissal. After reviewing the comments, the Committee on Rules of Practice and Procedure





O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

changed the approach and recommended the present version, which was adopted. *See* 5 MOORE'S FEDERAL PRACTICE (3d Ed.) § 23.64[2][a]. The Committee's rationale for the change is instructive:

> Many observers stated that reliance by absent class members seldom occurs, if indeed it ever occurs. As to the desire to deter misuse of class allegations, the problem is what effective response can be made. A court cannot effectively coerce continued litigation when all parties have agreed not to litigate further, and it may be unseemly to charge the court with searching out new representatives for the putative class.

*Id.* The authors of Moore's Federal Practice explain the effect of the 2003 amendment to Rule 23(e) as follows:

> [P]rior to certification, Rule 23(e)'s requirements do not provide any obstacle to a voluntary dismissal of class claims. Under the current version of Rule 23(e), neither Rule 23 nor Rule 41(a)(1) provide any authority for the court to approve or disapprove a settlement or voluntary dismissal by the named plaintiff made prior to the defendant's answer or made by stipulation prior to class certification. Before the 2003 amendments clarified the language of Rule 23(e), some courts had ruled that, even prior to certification of a class action, Rule 23(e) removed the named plaintiff's right under Rule 41(a)(1) to voluntarily dismiss a class action by filing a notice of dismissal or by stipulation. These courts required the plaintiff to obtain court approval under Rule 23(e). For the reasons stated above, the 2003 amendments to Rule 23(e) have overruled these pre-2003 court decisions.

*Id.* at § 23.64[2][b][i] (citations omitted).

Thus, because the 2003 amendment to Rule 23(e) no longer requires notice or court approval of a pre-certification dismissal, Rule 23(e) does not restrict Plaintiffs' right to make a voluntarily dismissal under Rule 41(a)(1)(A) without notice or court approval. *See, e.g., Milton v. E. Lawton*, No. 04-CV-05556-AWI-WMW, 2009 WL 530909, at *1 (E.D. Cal. Mar. 3, 2009) (holding that when parties voluntarily dismiss an action under Rule 41(a)(1)(A), the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval). And "[o]nce the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal" and the court should order





O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

the Clerk "to close . . . [the] case in light of the filed and properly signed Rule 41(a)(1)(A)(ii) Stipulation of Dismissal []." *Id*.

## III. EVEN IF *DIAZ* IS APPLIED HERE, DISMISSAL IS APPROPRIATE AND NO NOTICE IS REQUIRED.

### A. Application of the *Diaz* factors since the 2003 amendment to Rule 23(e).

To our knowledge, none of the circuits has squarely addressed whether notice or court approval may be required for a pre-certification dismissal under Rule 41(a)(1)(A) following the 2003 amendment to Rule 23(e). Practice in the district courts in the Ninth Circuit has been mixed. In one reported decision discussing voluntary dismissal and Rule 41(a)(1)–(2), the court held that Rule 23(e) no longer applies as a limitation of voluntary dismissals under Rule 41 prior to class certification. *See Estate of Migliaccio*, 436 F. Supp. 2d 1095, 1103 (C.D. Cal 2006) ("Rule 23(e) is not implicated because no class action has been certified."). There are, however, unreported decisions even after 2003 in this Circuit that continue to apply the *Diaz* factors to pre-certification decisions, either out of an abundance of caution, or because the effect of the 2003 amendment to Rule 23(e) was not considered. *See Ramirez v. Cintas Corp*., No. C 04-00281 JSW, 2007 WL 4410414, at *1 (N.D. Cal. Dec. 14, 2007) ("assuming without deciding that Rule 23 applies in this instance, the Court concludes that, based on the factors outlined in *Diaz*, it is appropriate to grant the motion and permit Ms. Vick to dismiss her individual and class claims without notice"); *Castro v. Zenith Acquisition Corp*., No. C 06-04163 SI, 2007 WL 81905 (N.D. Cal. Jan. 9, 2007) (citing an outdated version of Rule 23, applying the *Diaz* factors to approve dismissal without notice to class); *Mansourian v. Bd. of Regents of the Univ. of California*, No. CIV. S-03-2591 FCD EFB, 2007 WL 1722975 (E.D. Cal. June 12, 2007) (applying *Diaz* in ruling on a motion for voluntary dismissal of class claims, approving dismissal without notification to the class). None of these unreported cases presents a persuasive reason for ignoring the change to Rule 23(e) or the provisions of Rule 41(a)(1)(A) that permits a plaintiff to voluntarily dismiss without notice or court approval, yet



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

each of them approves the dismissal without notice after applying the *Diaz* factors.[3]

**B. The *Diaz* factors would not require notice as a condition to dismissal here.**

While the Parties submit that neither notice nor court approval is required here, even if the Court applies the *Diaz* factors to this dismissal, notice is not required. This stipulated dismissal is not the result of collusion and would not result in prejudice to absent class members.

There is no reason for the Court to be concerned about collusion in this action. This is not a situation in which the Plaintiffs have used the leverage of a class action to secure greater benefits to themselves by a favorable settlement of their individual claims at the expense of the absent class members. Here, Plaintiffs take nothing as result of the stipulated dismissal. The Plaintiffs, advised by experienced securities litigation attorneys, have concluded that these claims should not be pursued further. Plaintiffs reached that decision in the face of a fully briefed motion to dismiss. Class counsel is well-positioned to evaluate these claims, and to proceed, if they thought that was the appropriate course of action. Similar issues were briefed by both sides in the prior related action, *Zapien v. Washington Mutual, Inc., et al.*, Case No. 07-CV-0385 DMS CAB (dismissed with prejudice for lack of standing). The informed decision to dismiss these claims here should be respected. As the Committee on Rules and Practice observed in connection with its amendment to Rule 23(e) in 2003: "A court cannot effectively coerce continued litigation when all parties have agreed not to litigate further." 5 MOORE'S FEDERAL PRACTICE (3d Ed.) § 23.64[2][a] (referencing FED. R. CIV. P. 23, committee recommendation to changes made after publication and comment, 2003 amendments). There is

[3] District court decisions outside this Circuit take differing views on the interplay between Rule 41(a)(1)(A) and Rule 23(e) in the context of pre-certification dismissals. *Compare Myler v. Pfizer, Inc.*, No. 08-cv-0568-MJR, 2008 WL 5082959, at *1 (S.D. Ill. Nov. 25, 2008) ("Because no class has been certified in the case at bar, voluntary dismissal in this instance is governed not by Rule 23 but by Rule 41 of the Federal Rules of Civil Procedure" and no court order is required) and *Kurz v. Fid. Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2908918 (S.D. Ill. Oct. 4, 2007) (same) *with In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d 890, 895 (D. Md. 2004) (reviewing pre-certification dismissal to ensure that rights of absent class members are not prejudiced).



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

no reason that this litigation should be prolonged.

Nor are absent class members prejudiced by this dismissal. The test of whether a dismissal is prejudicial considers the following factors: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, [and] (3) any settlement or concessions of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408.

The facts in *Diaz*, which are vastly different than those here, give some content to the Court's concern over prejudice in that case. *Diaz* involved a class action by non-United States citizen government workers in the Pacific Islands complaining that they were discriminated against because they were systematically paid less for the same positions as United States citizen-employees. Plaintiff elected to narrow the scope of the class to focus only on the claims of workers in the Northern Mariana's Islands. The parties stipulated that persons outside of the Northern Mariana's Islands would be dismissed without prejudice from the action. No notice was given of the dismissal. After further litigation, the claims of the remaining class members were settled. After the settlement, two individuals who were in the putative class before it was narrowed, sought to intervene and to vacate the dismissal of their claims. The trial court denied the intervention. The Ninth Circuit reversed, holding that Rule 23(e) as it was then phrased, applied to class actions pre-certification. *Id.* at 1408. The Court recognized that before class certification, its duty to inquire into a dismissal differs from the situation after certification because a pre-certification dismissal is not *res judicata* against the absent class members. *Id.* In the pre-certification context, the review is concerned with whether the absent class members would be prejudiced if they did not receive notice and the opportunity to intervene. The Court held that the lack of notice in that case was likely to have been prejudicial. It observed that the subject matter of the lawsuit had been "an item of controversy for decades" and that the trial



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

court should have considered the possibility that class members had knowledge of the lawsuit and were relying on it. The Court also focused on the fact that the time period between the dismissal and the expiration of the statute of limitations was as short as months for some of the claims, and less than a year for many of the dismissed portion of the class. *Id.* at 1411. Finally, the Court noted that the dismissed class members belonged to a subsistence economy, were separated from each other by hundreds or thousands of miles of ocean and were unlikely to have learned promptly of the dismissal. "We agree with the intervenors that there was at least a strong possibility of prejudice from the dismissal because of the running of time and the deficiencies in communications among thousands of islands scattered over thousands of miles of ocean." *Id.*

Here, there is no similar risk of prejudice. First, there is no indication that absent class members have relied upon the *Dumdie* action in forbearing from filing similar claims. The present case has received only that amount of publicity that is now standard for every securities class action governed by the Private Securities Litigation Reform Act: a press release announcing the filing of the action. Here that press release was issued on August 26, 2008. (D.E. Nos. 25–26.) The fact that there was no opposition to Sue Ellen Dumdie's application to be appointed lead plaintiff, nor any other applicants for that role, is corroboration that there is not a high level of interest in these claims outside of the Plaintiffs. Had there been significant interest from absent parties, it is reasonable to assume that it would have surfaced either in reaction to the press release and notice of the *Zapien* action in 2007, or this action, in 2008. That has not happened. Moreover, as with all national securities class actions, the internet provides tools available to the public to track the progress of a class action. Anyone interested in tracking developments in this litigation can obtain information on the Stanford Law School Class Action Clearinghouse website: http://securities.stanford.edu/1040/WM_01/. (Kaplan Decl. ¶ 12; *see e.g., id.* Exh. C (printout describing the related *Zapien* action's dismissal and appeal).) The Stanford Clearinghouse posts newly filed complaints and dismissals and other



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

dispositions. (*Id.*) By contrast to the absent class members in *Diaz*, who were literally isolated and without the means of learning of the dismissal of class claims that might have affected them and on which they may have been relying, persons who are tracking this lawsuit, if there are any, can obtain that information on a real time basis on the Stanford Clearinghouse site.

Second, in contrast to the statute of limitations issue in *Diaz*, where the statute was going to expire within a year for a group that was unlikely to learn of the event of the dismissal, whatever statute of limitations problems faced by the putative class here already exist and are not exacerbated by the dismissal. Defendants believe that all of the claims in this action are barred by the statute of limitations for the reasons briefed in their motion to dismiss. (*See* D.E. No. 40 at 28–35.) Nonetheless, to the extent that there are claims in the *Dumdie* action that would survive these statute of limitations arguments, *American Pipe & Constr. v. Utah*, 414 U.S. 538 (1974) tolls individual claims of absent class members as of the date of the filing of this class action. For instance, if a court were to hold that the claims asserted by Plaintiffs are not barred based upon the shorter limitations periods of the Exchange Act triggered by inquiry notice, the five year statute of repose for Rule 10b-5 claims under the Exchange Act would not run on the claims challenging the 2004 prospectus for another year and seven months, and for correspondingly longer times for the later prospectuses. Thus, to the extent there are any claims that are not already time-barred in this action, an absent class member could pursue individual claims for a substantial period of time after dismissal based upon the five year statute of repose under Rule 10b-5. This fact further minimizes any risk that absent class members would suffer prejudice by not receiving individual notice of this matter's dismissal.

In sum, because there is no indication of collusion, no evidence that absent class members have relied on this litigation to protect claims that they otherwise were expecting to bring and no urgent expiration of a statute of limitations following the dismissal, the *Diaz* analysis would not warrant that notice be given to the class before this case is dismissed. Therefore, even if *Diaz* applied here—which it does not—no notice would be required for the



O'MELVENY & MYERS
610 NEWPORT CENTER DRIVE, SUITE 1700
NEWPORT BEACH, CA 92660-6249
TEL: (949) 760-9600 • FAX: (949) 823-6994

voluntary dismissal of this action.

**IV. CONCLUSION.**

For at least all of the reasons stated above, notice of the dismissal is not required and the stipulated dismissal of this action should be entered as requested.

DATED: March 25, 2009

By: ________s/ Phillip Kaplan________
Phillip R. Kaplan, CA S.B. #76949
O'Melveny & Myers LLP
610 Newport Center Drive, Suite 1700
Newport Beach, CA 92660
Telephone: (949) 760-9600
Fax: (949) 823-6994
E-mail: pkaplan@omm.com

*Lead Counsel for Defendants WM Trust I, WM Trust II, WM Strategic Asset Management Portfolios, LLC, Principal Financial Group, Inc., Principal Investors Fund, Inc., Edge Asset Management, Inc. (formerly known as WM Advisors, Inc.), Principal Funds Distributor, Inc. (formerly known as WM Funds Distributor, Inc.) and William G. Papesh (admitted pro hac vice)*

By: ________s/ Spencer Hall _________
Spencer Hall, WASB # 6162
Hall Zanzig Claflin McEachern PLLC
1200 Fifth Avenue, Suite 1414
Seattle, WA 98101
Telephone: (206) 292-5900
Fax: (206) 292-5901
E-mail: shall@hallzan.com

*Liaison Counsel for Defendants*

By: ________s/ Randall M. Lending____
Randall M. Lending, IL S.B. # 06198407
Vedder Price P.C.
222 North LaSalle, Suite 2600
Chicago, IL 60601
Telephone: (312) 609-7564
Fax: (312) 609-5005
E-mail: rlending@vedderprice.com

*Counsel for Defendants Daniel L. Pavelich, Richard C. Yancey, and Kristianne Blake (admitted pro hac vice)*